# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

VINCENT NORWOOD,

                                    Plaintiff

          v.

MICHAEL MINEV, *et al.*,

                                    Defendants

Case No.  2:21-cv-01174-APG-NJK

**ORDER**

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner.  On June 22, 2021, Magistrate Judge Koppe ordered plaintiff Vincent Norwood to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 on or before August 23, 2021. ECF No. 4 at 2.  On June 22, 2021, following receipt of an electronic notice from High Desert State Prison (HDSP) stating that Norwood had been transferred to Southern Desert Correctional Center (SDCC), the court provided a courtesy copy of Judge Koppe's order to Norwood at SDCC.  The August 23, 2021 deadline has now expired and Norwood has not filed a complete application to proceed *in forma pauperis,* paid the $402 filing fee, or otherwise responded to Judge Koppe's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring

amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming

dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.

1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for such reasons, the court must consider

several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

*Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here the first two factors (the public's interest in expeditiously resolving this litigation

and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of

prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury

arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or

prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the

factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his

failure to obey the court's order will result in dismissal satisfies the "consideration of

alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*,

779 F.2d at 1424.  Judge Koppe's order expressly stated: "IT IS FURTHER ORDERED that, if

Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three

documents or pay the full $402 filing fee for a civil action on or before August 23, 2021, this

case will be subject to dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $402 filing fee." Thus, Norwood had adequate warning that dismissal would result from his noncompliance with Judge Koppe's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Vincent Norwood's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with Judge Koppe's June 22, 2021 order.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly. No other documents may be filed in this now-closed case.

DATED: September 3, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE